UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>STEPHEN M. GRIFFITT,<br>MELINDA LYN GRIFFITT,<br><br>               Defendants. | NO. CR-04-2079-LRS<br>NO. CR-04-2090-LRS<br><br>**ORDER RE: MOTION TO SUPPRESS;<br>DECLARING CASE COMPLEX;<br>DENYING MOTION TO DISMISS;<br>CONTINUING PRETRIAL AND TRIAL<br>AND EXCLUDING SPEEDY TRIAL ACT<br>TIME** |

On July 13, 2005, the Court held a hearing to address the pending motions filed by Defendant Stephen M. Griffitt and the Government. At the hearing, Defendant Melinda Lyn Griffitt orally moved to join in the motions of Mr. Griffitt. The Court granted the motion. After hearing argument, the Court issued oral rulings on all pending matters. This Order is intended to memorialize and supplement the oral rulings of the Court.

**IT IS HEREBY ORDERED:**

1. Ms. Griffitt's oral Motion to Join in the motions of the Defendant so long as they are applicable is **GRANTED**. Should the factual or legal basis of any motion as it applies to Ms. Griffitt be different than that of Mr. Griffitt, Ms. Griffitt shall file separate supporting

ORDER ~ 1

1  pleadings giving the Government proper notice and an adequate opportunity
2  to respond.

3     2. Inasmuch as the United States has indicated it will not be
4  introducing evidence obtained through the search and seizure of one
5  Apple/Macintosh power book G4 laptop and one Siemens model M56 cellular
6  telephone in its case in chief, the relief requested by Mr. Griffitt in
7  his Motion to Suppress (Ct. Rec. 153) is **GRANTED;** however, the Court
8  makes no finding as to the truth or falsity of the facts or accuracy of
9  the legal conclusions alleged by plaintiff in support of the motion.
10 Accordingly, all evidence obtained through the seizure and search of one
11 Apple/Macintosh power book G4 laptop and one Siemens model M56 cellular
12 telephone shall be suppressed from presentation in the Government's case-
13 in-chief.  Nothing contained herein shall preclude the Government from
14 using such evidence in response to evidence presented by the Defendant
15 where otherwise permitted by law and by the Federal Rules of Evidence.

16    3. Mr. Griffitt's Motion to Dismiss Counts 87-89 (Ct. Rec. 155) is
17 **DENIED**.

18    4. Mr. Griffitt's Motion to Clarify Applicable Sentencing Guideline
19 (Ct. Rec. 157) is **DENIED** without prejudice, and with right to renew at
20 a later date.

21    5. Mr. Griffitt's Motion to Produce Email from Pam McCoy at Qwest
22 (Ct Rec. 159) is **DENIED** as **MOOT**.

23    6. Mr. Griffitt's Motion to have Case Declared Complex (Ct. Rec.
24 161) is **GRANTED**.  Pursuant to 18 U.S.C. 3161(h)(8)(B)(ii), because of the
25 extensive discovery and nature of the prosecution, this matter is
26 declared a complex case.  This declaration would also be considered for

ORDER ~ 2

pleadings giving the Government proper notice and an adequate opportunity to respond.

    2. Inasmuch as the United States has indicated it will not be introducing evidence obtained through the search and seizure of one Apple/Macintosh power book G4 laptop and one Siemens model M56 cellular telephone in its case in chief, the relief requested by Mr. Griffitt in his Motion to Suppress (Ct. Rec. 153) is **GRANTED;** however, the Court makes no finding as to the truth or falsity of the facts or accuracy of the legal conclusions alleged by plaintiff in support of the motion. Accordingly, all evidence obtained through the seizure and search of one Apple/Macintosh power book G4 laptop and one Siemens model M56 cellular telephone shall be suppressed from presentation in the Government's case-in-chief.  Nothing contained herein shall preclude the Government from using such evidence in response to evidence presented by the Defendant where otherwise permitted by law and by the Federal Rules of Evidence.

    3. Mr. Griffitt's Motion to Dismiss Counts 87-89 (Ct. Rec. 155) is **DENIED**.

    4. Mr. Griffitt's Motion to Clarify Applicable Sentencing Guideline (Ct. Rec. 157) is **DENIED** without prejudice, and with right to renew at a later date.

    5. Mr. Griffitt's Motion to Produce Email from Pam McCoy at Qwest (Ct Rec. 159) is **DENIED** as **MOOT**.

    6. Mr. Griffitt's Motion to have Case Declared Complex (Ct. Rec. 161) is **GRANTED**.  Pursuant to 18 U.S.C. 3161(h)(8)(B)(ii), because of the extensive discovery and nature of the prosecution, this matter is declared a complex case.  This declaration would also be considered for

purposes of a claim by defense counsel for excess compensation pursuant to 18 U.S.C. § 3006A(d)(3).  Any questions regarding the possibility of submitting interim vouchers should be directed to Bruce Anderson, of the District Court Clerk's Office (509-353-2150).

7. Mr. Griffitt's Request for Evidentiary Hearing (Ct. Rec. 163) and Amended Request for Evidentiary Hearing (Ct. Rec. 165) are **DENIED** as **MOOT**.

8. Defendant's Motion to Produce Laptop for Inspection and Copying of Emails is **DENIED** without prejudice, with right to renew at a later date.  The Government has represented that two laptops have been seized as evidence in this case.  The Government shall check to ensure that both laptops' hard drives have been copied and disclosed to the extent required by the Federal Rules of Criminal Procedure.  Counsel shall consult and insofar as possible arrange meaningful access to the CD-ROMs produced in discovery apparently containing a mirror image of the hard drive(s) of the laptop(s).

9. Mr. Griffitt's Motion to Produce Raw Notes of Investigation Re: Bank Numbers Provided by Informant (Ct. Rec. 171) is **DENIED** without prejudice, with right to renew at a later time.

10. The Government's Motion to Strike Motions to Produce Raw Notes and to Produce Laptop (Ct. Rec. 174) is **DENIED** as **MOOT**.

11.  If the parties need a ruling as to any discovery question and wish to avoid the time and expense of a written motion, they may obtain an expedited ruling through a telephone conference call to the Court.  The need for and timing of such conference shall be agreed upon by all counsel and arranged with the Court's deputy clerk.

ORDER ~ 3

12. Defendant's Second Motion for Continuance (Ct. Rec. 181) is **GRANTED**. Due to the voluminous discovery existing in this case, defense counsel has requested additional time to prepare Mr. Griffitt's defense. The Government is prepared to go to trial, but believes the Defendant's desired continuance is a reasonable request. Ms. Griffitt does not oppose the motion. Mr. Griffitt has signed a waiver of speedy trial which has been filed. The Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendants in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(8)(A).

   a. All pretrial motions, including motions *in limine*, must be filed and served **NO LATER THAN November 15, 2005.** Responses and replies to any motions shall be filed and served in accordance with LR 7.1(c) and (d).

   b An **initial Pretrial Conference** will take place on **September 19, 2005** at **9:00 a.m**. in **Yakima,** Washington. At this hearing, the Court will consider any pretrial motions pending at that time. A **final Pretrial Conference** will take place on **December 22, 2005 at 9:30 a.m.** in Yakima, Washington. At this hearing, the Court will hear any remaining pretrial motions, including motions *in limine*.

   c. Trial briefs, requested voir dire, and joint proposed jury instructions shall be filed and served **NO LATER THAN December 16, 2005.** Joint jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim or defense, and a proposed verdict form.

   d. The **jury trial** is **RESET** from September 12, 2005 to **January 5, 2006** at **9:00 a.m.** in **Yakima**, Washington. **Counsel shall meet with the Court in Chambers at 8:30 a.m. on the day of trial**. **Any motions**

ORDER ~ 4

**unaddressed at the pretrial conference shall be heard in open court on the day of trial at 8:30 a.m., at which time Defendant shall be present.**

    e.   Pursuant to 18 U.S.C. § 3161(h)(7) and (8)(B)(iv), the Court **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from **July 8, 2005**, the date Mr. Griffitt moved to continue, through **January 5, 2006**, the new date of the trial, as the period of delay for adequate preparation by counsel and as necessary in Ms. Griffitt's case as she is joined for trial with Mr. Griffitt.

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel, the U.S. Probation Office, the U.S. Marshal, and the Jury Administrator.

    **DATED** this ___25th___ day of July, 2005.

                              *s/Lonny R. Suko*
                               LONNY R. SUKO
                        United States District Judge